UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   Case No.
PATRINA HURT,

**COMPLAINT**

Plaintiff,

-against-

**PLAINTIFF
DEMANDS A
TRIAL BY JURY**

DOLLAR TREE STORES, INC. d/b/a DOLLAR TREE and
MARIO JARETT, *Individually*,

Defendants.
-------------------------------------------------------------X

Plaintiff, PATRINA HURT, by her attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff HURT brings this action charging that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the New York City Human Rights Law, New York City Administrative Code § 8-107, *et. seq.* and seeks damages to redress the injuries Plaintiff has suffered as a result of sexual harassment and retaliation by the Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under city law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), based upon the fact that the claims alleged herein took place within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated October 16, 2015 with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto.

7. This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

8. Plaintiff PATRINA HURT ("HURT") is a resident of the State of New York, County of Kings.

9. Defendant DOLLAR TREE STORES, INC. ("DOLLAR TREE") is a business corporation duly organized and existing under, and by the virtue of, the laws of the State of Virginia.

10. At all times material, Defendant DOLLAR TREE owned and operated a store located at 680 Meeker Avenue, Brooklyn, NY 11222 ("680 Meeker Avenue Store") where the discriminatory conduct alleged herein took place.

11. At all times material, Plaintiff HURT was an employee of Defendant DOLLAR TREE, holding the title "Assistant Manager."

12. At all times material, Defendant MARIO JARETT ("JARETT") was an employee of Defendant DOLLAR TREE, holding the title "Store Manager."

13. At all times material, Defendant JARETT was Plaintiff HURT's supervisor and/or had supervisory authority over Plaintiff. Defendant JARETT had the authority to hire, terminate, and/or affect the terms and conditions of Plaintiff's employment.

14. Defendants DOLLAR TREE and JARETT are jointly referred to as the "Defendants."

## MATERIAL FACTS

15. In or around August of 2014, Plaintiff HURT began her employment with the Defendants.

16. Based on her exemplary performance, Plaintiff HURT was promoted to Assistant Manager in or around December of 2014 and started training for the new position on or about January 5, 2015. Plaintiff HURT began working in her new position on or about February 2, 2015, earning approximately $27,000 per year.

17. Soon after Plaintiff HURT started working as an Assistant Manager in the 680 Meeker Avenue Store, Plaintiff's supervisor and store manager, Defendant JARETT, began sexually harassing Plaintiff by making unwelcomed and unwanted sexual advances towards her.

18. By way of example, Defendant JARETT would tell Plaintiff HURT that her walk was sexy and would continuously stare at her inappropriately. When Plaintiff HURT would notice Defendant JARETT staring at her, she would ask him whether anything was wrong. Defendant JARETT would reply, "No, you're just a beautiful woman. I like to watch you walk."

19. Sometimes, when Plaintiff HURT and Defendant JARETT were in the back room together, he would make sexual advances towards her by hinting at what had occurred in the back room between the previous store manager and assistant manager, who allegedly had had an affair. Defendant JARETT would then indicate to Plaintiff HURT that if they "did anything," no one would know because the cameras in that area were "dummy cameras." Frightened, Plaintiff HURT would ask Defendant JARETT to stop, but he persisted with his sexual advances towards her.

20. For example, in or around February of 2015, Plaintiff HURT was in the bathroom and Defendant JARETT knocked on the door. Plaintiff informed Defendant JARETT, from inside the bathroom, that she was occupying the bathroom. Although, Defendant JARETT acknowledged Plaintiff's response that she was inside the bathroom by saying "ok," Plaintiff heard the sound of Defendant JARETT's keys. Plaintiff HURT was afraid that Defendant JARETT would try to get in the bathroom. In fact, as Plaintiff exited the bathroom and went into the office, Defendant JARETT told Plaintiff, "I was about to come in there," referring to the bathroom. Shocked, Plaintiff HURT questioned Defendant JARETT's audacity, especially considering the fact that there were cameras right outside the bathroom door. However, Defendant JARETT informed Plaintiff that those cameras, just like the ones in the back room, were "dummy cameras."

21. Once again, Defendant JARETT had made unwelcomed and unwanted sexual advances towards Plaintiff HURT, causing Plaintiff to feel afraid and humiliated.

22. For instance, Defendant JARETT told Plaintiff HURT that Plaintiff was his "First Lady" in the store and even offered to give her his password to his Store Manager account, in an attempt to persuade her to give in to his advances.

23. Plaintiff HURT repeatedly told Defendant JARETT that his advances were not welcomed. However, Defendant JARETT persisted to sexually harass Plaintiff.

24. Therefore, on or about March 7, 2015, Plaintiff HURT complained to the Human Resources Department about Defendant JARETT's persistent sexual harassment.

25. The next day, Rob Carpio, a Human Resources Representative, visited the store and spoke to Plaintiff HURT and Defendant JARETT separately.

26. Plaintiff HURT told Mr. Carpio about Defendant JARETT's sexual advances towards her. Mr. Carpio, however, did not seem interested in listening to the Plaintiff. During his conversation with Plaintiff HURT, Mr. Carpio continuously steered away from the sexual harassment topic and informed Plaintiff that she was not measuring up to the store standards and expectations. He eventually asked Plaintiff what she wanted the company to do regarding her situation, and she replied that she wanted to be treated fairly.

27. Once Plaintiff complained, Defendant JARETT eliminated her authority and position as Assistant Manager. More specifically, Plaintiff could no longer make any managerial decision without Defendant JARETT's approval.

28. On or about March 9, 2015, when Plaintiff HURT realized that there was an error in her paycheck, she inquired about the matter to Defendant JARETT. Instead of addressing the issue, Defendant JARETT told Plaintiff HURT to call Human Resources, despite the fact that there was no reason for Plaintiff to contact Human Resources for a payroll-related issue.

29. On or about March 12, 2015, Plaintiff HURT complained to District Manager, "Romy" (last name unknown), regarding the sexual harassment and retaliation she had been enduring. Plaintiff told Romy not to talk to Defendant JARETT because she "didn't want any more trouble," making it clear to Romy that she was afraid of Defendant JARETT. She did, however, request a transfer to another Dollar Tree store.

30. Then, on or about March 18, 2015, Plaintiff HURT complained to another Store Manager, "Ms. Lakai" (first name unknown), regarding Defendant JARETT's sexual harassment. Plaintiff also sought Ms. Lakai's guidance regarding obtaining a transfer, as Romy did not appear to be taking any action in response to Plaintiff's request for a transfer to another

store.

31. Meanwhile, Defendant JARETT continued to antagonize Plaintiff HURT and treat her with hostility.

32. Despite her renewed requests to be transferred, District Manager Romy denied her request, telling her that she and Defendant JARETT "need to get along."

33. Subsequently, after enduring months of employment in an unbearable, hostile environment, Plaintiff HURT submitted to Defendant JARETT a letter of resignation, where she conveyed to Defendant JARETT that she was resigning two weeks from May 14, 2015 because for the last "few months [Plaintiff was] Sexually Harassed, treated unfair and told before [Plaintiff could] make any kind of Manager decision that [Plaintiff] needs to speak with [Defendant JARETT] first" and that although she "reached out to the District Manager and [Defendant JARETT] asking for a transfer" she was not allowed to transfer to another store.

34. Defendant JARETT continued to retaliate against Plaintiff HURT by changing her shift. Prior to her complaint of sexual harassment against Defendant JARETT, Plaintiff had not worked the midnight shift. However, after Plaintiff HURT complained, Defendant JARETT changed Plaintiff's schedule to a less desirable time slot, placing her in the 12:00 a.m. to 8:00 a.m. shift.

35. Furthermore, on or about May 20, 2015, Plaintiff HURT spoke with one of the store's cashiers, who informed Plaintiff that Defendant JARETT had asked her to work in another area of the store in order to force Plaintiff to perform the job of the cashier (despite her Assistant Manager title).

36. Finally, on or about May 26, 2015, Defendant JARETT terminated Plaintiff's employment in retaliation for her complaint of sexual harassment.

37. Upon information and belief, Defendants did not conduct a proper investigation into the claims of sexual harassment by Plaintiff HURT.

38. Plaintiff HURT was unlawfully treated, humiliated, degraded, victimized and embarrassed and, as a result, suffers loss of rights, emotional distress, physical ailments and injuries and loss of income and earnings.

39. Defendants' actions and conduct were intentional and intended to harm Plaintiff HURT.

40. As a result of the acts and conduct complained of herein, Plaintiff HURT has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

41. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against all the Defendants, jointly and severally.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendant)

42. Plaintiff HURT repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the Defendant. Plaintiff complains of Defendant's violation of Title

VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

44. Defendant DOLLAR TREE engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff HURT because of her gender (sexual harassment).

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII
## (Not Against Individual Defendant)

45. Plaintiff HURT repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

47. Defendant DOLLAR TREE engaged in unlawful employment practice prohibited by 42 U.S.C. § 2000e *et seq.* by discriminating against Plaintiff HURT with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of the Defendants.

## THIRD CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

48. Plaintiff HURT repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. New York City Administrative Code §8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the

actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

50. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff HURT because of her gender (sexual harassment).

### FOURTH CAUSE OF ACTION FOR RETALIATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

51. Plaintiff HURT repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer ... to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

53. Defendant DOLLAR TREE engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff HURT because of Plaintiff's opposition to the unlawful employment practices of the Defendants.

### FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against Individual Defendant)

54. Plaintiff HURT repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. The New York City Administrative Code §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of

any of the acts forbidden under this chapter, or attempt to do so."

56. Defendant JARETT engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

57. Plaintiff HURT repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. New York City Administrative Code §8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

   a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

   b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

   1. the employee or agent exercised managerial or supervisory responsibility; or

   2. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

   3. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

    c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

59. Defendant DOLLAR TREE violated the section cited herein.

## JURY DEMAND

60. Plaintiff HURT hereby requests a jury trial.

**WHEREFORE**, Plaintiff HURT respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964 and the New York City Administrative Code § 8-107 in that Defendants subjected Plaintiff to gender discrimination (sexual harassment) and retaliation;

B. Awarding damages to Plaintiff HURT for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff HURT compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff HURT punitive damages;

E. Awarding Plaintiff HURT attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff HURT such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
      October 29, 2015

                                      PHILLIPS & ASSOCIATES,
                                      ATTORNEYS AT LAW, PLLC

                                      **Joshua P. Frank, Esq.**
                                      **Dorina Cela, Esq.**
                                      *Attorneys for Plaintiff*
                                      45 Broadway, Suite 620
                                      New York, NY 10006
                                      (212) 248-7431 (telephone)
                                      jfrank@tpglaws.com
                                      dcela@tpglaws.com

OCT. 16. 2015  2:48PM    EEOC-NYDO                                        NO. 6651   P. 1

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| **To:** Patrina Hurt<br>370 Brunswick Avenue<br>Apt. 8-F<br>Brooklyn, NY 11206 | **From:** New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2015-03263 | Ashraf Ahmed,<br>Investigator | (212) 336-3781 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____          10/16/2015
Kevin J. Berry,                    (Date Mailed)
District Director

Enclosures(s)

cc:  Director                              Joshua P. Frank, Esq.
     Director of Human Resources           PHILLIPS & ASSOCIATES
     DOLLAR TREE STORES, INC.              45 Broadway
     500 Volvo Pkwy                        Suite 620
     Chesapeake, VA 23320                  New York, NY 10006